1  Jesus Eduardo Arias, Esq. LL.M.  [ SBN  293983 ]
2  Law Office of Jesus Eduardo Arias
   18000 Studebaker Rd. Suite 700
3  Cerritos California 90703
4  E| jearias@jesuseduardoarias.com
   T| 323) 815 9450
5  F| 323) 375 1196

6  *Attorney for Plaintiffs; Arlet Cruz, daughter of the decedent*
7  *and Asuncion Gomez -Decedent's mother; individually*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Plaintiff Arlet Cruz (Daughter of the Decedent) individually and as successor in interest; & Plaintiff ASUNCIÓN GOMEZ an individual (mother of the decedent) individually : <br><br> Plaintiffs <br> vs. <br><br> COUNTY OF SAN DIEGO; Deputy Matthew Martinez an individual; Nestor Kensinger an individual ,and DOES 2 – 50) Inclusive. <br><br> Defendants | Case No.  19-cv-2450-W-KSC <br><br> **FIRST AMENDED COMPLAINT** <br><br> 1. **Negligence – Wrongful Death** <br> 2. **Violation to 14th Amendment (42 U.S.C. 1983) Conditions of confinement and denial of med care.** <br> 3. **Violation to 14th Amendment  (42 U.S.C. 1983) Interference with familial relationship.** <br> 4. **Municipal Liability  (42 U.S.C. 1983) Ratification of unconstitutional Policies and practices.** <br> 5. **Municipal Liability (42 U.S.C.1983 (failure to train )** <br> 6. **Municipal Liability (42 U.S.C. 1983) Unconstitutional Custom or policy** <br><br> **[DEMAND FOR JURY TRIAL]** |

## I.     COMPLAINT FOR DAMAGES

1. Plaintiff Arlet Cruz " AC" is the only child of the Decedent; Plaintiff, ASUNCIÓN GOMEZ is the mother of the decedent. Plaintiffs individually herein submit complaint against the above mentioned Defendants, seeking compensatory damages for violation of rights under the US constitution and under the laws of the State of California in connection with the death of MANUEL CRUZ a 37 years old man who died while he was in custody of Defendants at San Diego Country Central Jail.

## II.     FACTUAL GENERAL ALLEGATIONS RELEVANT TO ALL CAUSES OF ACTION

2. On October 02 2018, Manuel Cruz a construction worker without criminal background other than a DUI case, was pulled over by a San Diego Police Department officer. for a traffic violation. The deputy realized that Cruz had not finished his DUI classes neither had made the payments for fines, so there was an active warrant for his arrest on the system. The officer proceeded to arrest Cruz and he was booked at San Diego Central Jail on 10/02/2018.

3. Plaintiffs are informed believe and therefore allege that Manuel Cruz was physically healthy at the time he was booked at jail on the day of his arrest. On the same day, that morning, Cruz was taken to the Central Jail for his "Intake process" by the arresting officer. Before his intake, Cruz mentioned to the arresting officer that he had suicide ideations with a plan to ingest a poisonous substance "antifreeze" .

4. On the same day at 7:26 AM Cruz, was interviewed at SDCJ (San Diego Central Jail ) by Registered Nurse June Cuaresma. Cuaresma documented that in response to the Medical & Psychiatric Intake questions, Cruz expressed clearly being diagnosed in the past with a mental illness and depression. Moreover, Cruz expressed clearly to the interviewing nurse that he was currently experiencing

suicide ideations with plan of ingesting something to kill himself. To the questions such as whether he had started to do anything or prepared to do anything to end his life, he clearly stated that he had consumed overdoses of medication in the past in order to kill himself.

5. Based on the unequivocal serious suicidal ideation statements with specific plans to end his life by ingesting something, the Nurse documented Cruz's answers and referred Cruz to ISP "Inmate Safety Program" per suicide prevention policies in place and imposed at the time by the San Diego County Sheriff's Dept.

6. At or around 8:11 am of the same day October 2 2018, Cruz was interviewed by Defendant NESTOR KENSINGER. Mr. Kensinger is a mental health clinician who is to provide mental health clinician services at SDCJ for detainees and inmates in need of adequate mental health care. Kensinger documented that during the interview Cruz was cooperative. Kensinger noted and documented that Cruz was exhibiting or endorsing a depressive mood with multiple "plans". Kensinger was informed by Cruz that he (Cruz) had been struggling with depression since he was a kid. Moreover, Kensinger was specifically informed by Cruz that he had one suicidal attempt in the past. Kensinger acknowledged and documented that Cruz presented serious risk factors such as depressive mood, history of suicidal attempts and current Suicidal ideations with plans.

7. According to the Defendant's Suicide Prevention policies, if a detainee states that he is suicidal and makes statements of such serious medical -mental health need nature to a staff member of the SDCJ, a "high risk" classification is automatically triggered. However, Defendant Kensinger deliberately and in an objectively unreasonable <u>and deliberate</u> manner, documented that Cruz was at "low risk of suicide". Defendant Kensinger did not seek any further mental health care for Cruz, such as further consultation with a psychiatric, or any other mental health adequate care provider, to treat the obvious serious medical need of Cruz at such critical moment. Instead, Cruz was confined to a solitary, secluded cell unit. With no right to visits, no contact with others, no clothes other than a security garment

and a blanket. In a solitary cell with feces on the walls and on the ceiling.  Cruz did not receive any  mental help of any kind but was simply confined to such cell which Defendants label per their policies as "Enhanced Observation Housing".

8. Cruz was confined to EOH at or around 8:40 am on the same morning without any mental heath care treatment. Despite the current serious medical need of Cruz at such critical moment, other than the 2 interview -assessments, he was not provided with any medical care or mental health care treatment by any of the medical personnel, i.e ,  psychiatrists, psychologist,  or any other type of medical or mental health care provider, no treatment was provided to his need at all.

9. Defendants Does 2 -50 did not provide any adequate medical -mental health care and treatment either for the next 7  hours until he died in his cell by suicide which occurred at or around 3:50 pm. Does 2-50 did not adequately assessed Cruz in any meaningful and objectively reasonable manner in accordance to the serious medical need manifested by  the current suicidal ideations of Cruz at the time.

10. Defendants Matthew Martinez and Does 2-50 (unknown at this time Deputy Sheriff's in charge of the safety check's logs ) conducted purported "safety checks" which fell  far below the standard of the adequate care needed to address the serious medical need of Cruz.  As result of the lack of adequate mental health care and treatment, and in consequence to the  deliberate indifference of Defendants Kensinger, Matthew Martinez and Does 2-50 Cruz materialized his suicide ideations by asphyxiating himself in his EOH cell.

11. According to Suicide Prevention Resource center, detainees and inmates are seriously at a higher risk of suicide in the first four months of confinement, and within the first 2 days of their jail experience. The risk factor multiply seriously when the inmate suffers from depression, mental illness, and prior suicide attempts, with a manifested currently ongoing crisis of suicide ideations with plan

12. In support of this action, Plaintiffs allege that there has been a clear pattern of similar constitutional violations resulting in exorbitant amount of deaths in custody in San Diego County Jails.

COMPLAINT FOR MONEY DAMAGES

13. Defendant County of San Diego, was on notice of the serious risk caused by the unconstitutional deficiencies of their suicide prevention policies, including their Inmate Safety Program in force at their county jails in 2018. Defendants undoubtedly had notice that it is clearly established law that suicide risk or attempted suicides is a serious medical need. Defendants made intentional decisions with respect to the conditions of confinement of the Decedent despite the risk of suicide involved. Those conditions placed Decedent at a substantial risk of death. County of San Diego was under utterly established notice that the suicide rate within their county jails was abnormally high around the time of the incidents of this matter. Further they had been placed on specific notice about areas of risk and constitutional deficiencies, and of the continued risk of death and constitutional violations should they fail to take action.

14. Despite the above, County has deliberately maintained deficient and unconstitutional policies for suicide prevention. Defendant county has also maintained unconstitutional *practices & customs* by deliberately choosing not to take available measures to abate the abnormally high rate of suicides in their jails caused by their unconstitutional policies, practices and customs. Defendants conduct has been the moving force of the death of Cruz and many other detainees and people with mental health needs whose deaths were preventable had the defendants chose to act upon it. The consequences of Defendant's systematic and deliberate unconstitutional conduct was obvious, -death by suicide-

15. Plaintiffs allege that Defendant County of San Diego not only maintained unconstitutional and deficient policies for suicide prevention at the time of this Death, moreover County of San Diego even failed to train its personnel -on the suicide prevention- *deficient policies* in place at the time.

16. Defendant County of San Diego failed to adequately train named co defendants in this matter. Plaintiffs allege that according to data, reports, and records by the Defendant County of San Diego Sheriff's Department in the months prior to the Death of Mr. Cruz, approximately only 30 percent of its sheriff deputies working

COMPLAINT FOR MONEY DAMAGES

on jails was trained in suicide prevention and approximately 1 % of its mental health clinicians receive training in suicide prevention.  Thus Defendant county of San Diego not only has chosen to deliberately maintain unconstitutional policies, customs and practices to prevent -*or at least reduce*- their suicide rate. Which was almost double of the average nationally in 2018-. But more importantly plaintiffs allege that Defendant County of San Diego has deliberately chosen not to train its personnel adequately. Shockingly not even based on their deficient policies in place at the time of Cruz death. By their conduct, they deliberately were indifferent to the serious medical need of Cruz. But for their deliberate indifference and unconstitutional polices, practices and customs, Cruz would not be dead and this legal action would not have been ever filed.

17. Hence, Plaintiffs seek judicial remedies for the causes of action described below.

### III. PARTIES

18. At all relevant times Manuel Cruz (DECEDENT) was an individual residing in the county of San Diego.
19. Plaintiff Arlet Cruz (AC) is the only natural child of the decedent. At the time of the Death of her father, plaintiff AC was a minor child resident of the state of Oaxaca, country of Mexico. Plaintiff has turned now 18 years old (October 27, 2019). Therefore Plaintiff acts individually in exercise of her own rights as decedent's daughter.
20. Plaintiff ASUNCIÓN GOMEZ an individual is the mother of the decedent. She was and she is at all times also a resident of the country of Mexico. She lives in Mexico City.
21. At all relevant times Defendant COUNTY OF SAN DIEGO was a public entity located in the State of California, responsible for the operations of SAN DIEGO COUNTY JAIL (SDCJ), all of the SDCJ staff such as Deputies, Medical Staff,

and other personnel that assist in the operation of such jail, act under color of California State law.

22. At all relevant times Defendant Deputy Matthew Martinez ID. No. 3683 was an employee of County of San Diego, and under plaintiff's information and belief a resident of the county of San Diego.

23. At all relevant times Defendant Nestor Kensinger ID. No. 5491 was an employee of County of San Diego, and under plaintiff's information and belief a resident of the county of San Diego.

24. PLAINTIFFS are ignorant of the true names and capacities of defendants sued herein as DOES 2 through 50, inclusive, and therefore sue these defendants by such fictitious names. PLAINTIFFS will amend their Complaint to allege their true names and capacities and causes of action against said fictitiously named defendants when same have been ascertained.

25. Plaintiffs are informed and thereon allege that each of the Defendants designated as a ¨DOE¨ is responsible in some manner and liable herein for the wrongful death of DECEDENT -Cruz.

26. PLAINTIFFS are further informed and believe and thereon allege that at all times herein mentioned all of the DOES were the agents, servants and employees of their co-defendants and in doing the things herein alleged were acting within the scope of their authority as such agents, servants and employees with the permission and consent of their co-defendants, except where stated otherwise below.

27. Discovery has recently been initiated and Plaintiffs are in the process of ascertaining more pertinent facts, including the true names and identities of Does defendants to be properly named. To the extend such is necessary Plaintiffs will respectfully ask the court to allow leave for amendment of the operative complaint in the interest of justice under the principles of adjudication of this matter on its merits.

### III. GOVERNMENTAL CLAIMS REQUIREMENT COMPLIANCE

28. On March 29, 2019, Plaintiff ARLET CRUZ (daughter of the decedent), duly filed a Governmental Claim within the office of San Diego County Council. At such time plaintiff was still a minor, thus such Gov. Claim was filed through her mother and Guardian Ad Litem, Ms. NASHIELLY SELENE GAYTAN GARCIA. The Claim was rejected by County of San Diego Office of County Counsel on **May 13 2019.** Thus, comes now Plaintiff brings suit within the statutory time allowed under Ca. Gov. Code §945.6

29. ASUNCION GOMEZ (mother of the decedent) also filed a Governmental Claim for Damages against the County of San Diego on the same date as her co-plaintiff March 29, 2019. And the Claim was rejected as well on the same date **May 13 2019.** Thus, Plaintiff Gomez is also duly bringing this action within 6 months from the date when her claim was rejected.

### IV. CAUSES OF ACTION
### FIRST CAUSE OF ACTION

### "NEGLIGENCE- WRONGFUL DEATH "

### (against Defendant County of San Diego, Deputy Matthew Martinez , Defendant Nestor Kensinger, DOES 2-50 Inclusive ) California Gov. Code § 820 and Ca. Common Law

30. Plaintiffs repeat and re-allege each and every foregoing allegations and paragraphs set forth above with the same force and effect as if fully set forth herein.

31. The actions and / or inactions of the Defendants were negligent & reckless, including but not limited to the following conduct:

a. Negligent assessment of the serious medical need and the obvious suicidal risk of the Decedent.
b. Negligent failure to medically and psychologically evaluate, care and treat the Decedent in an adequate and safe manner before deciding to place him on EOH cell.
c. Negligent failure to provide adequate medical and or mental health care to the serious medical need of the decedent after placing him at the EOH Including proper and adequate medical assessments and treatment by nurses, deputies, clinicians, physicians or any other similar mental health care adequate provider.
d. Negligent failure to perform checks and the performance of negligent safety checks on him, while he was confined to EOH despite a reported and documented risk of harm to himself by suicide.
e. Negligent failure to render timely adequate medical aid to the decedent when he was in a state of medical emergency and distress.
f. Negligent training and failure to train SDCJ personnel on the issues of prevention of suicide, inmate safety programs, and EOH Cell operations and safety conditions to the detainees at EOH cell housing units.

32. As a direct and proximate result of Defendants' negligence, DECEDENT died and Plaintiffs were deprived of the life-long love, companionship, comfort, support, society, care and sustenance of the DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs claim funeral and burial expenses and loss of financial support. Plaintiffs claim statutory wrongful death damages, for each of their respective loss of love, companionship, comfort, support, society, care and sustenance of the DECEDENT.

33. DEFENDANT COUNTY OF SAN DIEGO is vicariously liable for the wrongful acts of its employees pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.
34. The conduct of Defendants was with a conscious disregard for the constitutional rights of the inmate -deceased and therefore Plaintiffs individually and Plaintiff Arlet Cruz as successor-in-interests to DECEDENT, specifically and respectfully plea to the court for award of exemplary damages.
35. Plaintiffs seek wrongful death and survival damages under this claim.

## SECOND CAUSE OF ACTION

**Conditions of Confinement and Denial of Medical Care Deliberate Indifference to a serious medical need
(Violation to the 14th Amendment— 42 U.S.C. § 1983**

**(By all Plaintiffs against all Defendants)**

36. Plaintiffs repeat and re-allege each and every foregoing allegation and paragraph with the same force and effect as if fully set forth herein.
37. The Fourtheen Amendment of the US Constitution protects the rights of arrestees to adequate medical care. The Fourteenth Amendment protects the rights of pretrial detainees to adequate medical and mental health care and to be free from harmful punishment prior to conviction. Doty v. County of Lassen 37 F.3d 540 At the time of his death, DECEDENT was either an arrestee or a pretrial detainee. Decedent was undisputedly endorsing serious suicidal ideations with plan to end his life. The 9th Circuit has ruled that suicide risk or attempted suicide is a serious medical need. Defendants violated DECEDENT'S constitutional right to adequate mental healthcare and to be free from harmful punishment prior to conviction. Defendants made intentional decisions with respect to the conditions of treatment

and confinement of the Decedent. Those conditions put decedent at a substantial risk of death. Defendants deliberately chose to be indifferent to the serious medical need of Decedent. Failed to take available measures to abate that risk. The degree and circumstances of Decedent's serious medical need, in connection with Defendant's conduct, made it obvious that the consequence could be the death of Cruz by suicide. As alleged above, Decedent was 37 years old father and son of the plaintiffs when he was booked at Defendant's Jail in the morning of October 2 2018.  Before 4 pm on the same day however, he was found unresponsive and later died while still being in custody of and under the care and  supervision of the Defendants.

38. Plaintiffs are informed and believe and therefore allege that Defendants acting under the color of state law violated Decedent's constitutional civil rights.

39. Plaintiffs are informed and believe and therefore respectfully allege that Defendant's conduct is the proximate cause of the irreparable harm caused to Cruz and to Plaintiffs who have lost forever the life of their father and son respectively.

40. Plaintiffs seek damages from all defendants including general damages, attorney fees per 42 U.S.C 1988.

41. Plaintiffs seek punitive damages as to the individual defendants and any other applicable damages at the time of trial as the law and the court allows and deems proper.

### THIRD CAUSE OF ACTION

**Substantive Due Process—Interference with Familial Relationship (14TH Amendment 42 U.S.C. § 1983) (By all Plaintiffs against all defendants in this complaint)**

42. Plaintiffs repeat and re-allege each and every foregoing allegation and paragraph set forth above with the same force and effect as if fully set forth herein.

43. Plaintiffs have a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that unlawfully interfere with their familial relationships.

44. By the foregoing allegations of unconstitutional conditions of confinement, and denial of adequate medical and mental health care, and deliberate indifference to the serious medical need of the Decedent, the Defendants caused the DECEDENT'S death and in so doing, their conduct under color of California State law, has unlawfully interfered with the familial relationship between PLAINTIFFS and the DECEDENT. Plaintiffs have therefore been deprived of the life-long love, companionship, comfort, education, support, society, care, financial support, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural life.

45. As a result of their misconduct, Defendants are liable for Plaintiffs' loss and injuries because they were an integral participant and/or because they failed to intervene to prevent the conduct that caused DECEDENT'S death. The Defendants were acting under color of State law.

46. The conduct of Defendants was willful, wanton, and done with reckless and deliberate disregard for the rights and safety of DECEDENT and the Plaintiffs, and therefore warrants the imposition of exemplary and punitive damages.

47. Plaintiff Asuncion Gomez further alleges that the Conduct of Defendants shocks the conscience in the sense that it was conduct with deliberate indifference to the serious risk of her son's death. Further that Defendants had an opportunity to deliberate and make choice of their course of conduct.. In so doing they opted to act with deliberate indifference to the serios medical need of Cruz. Further, Gomez was dependent parent of decedent. In her necessities such as medical, health, medicine, food, shelter.

48. Plaintiffs also seek appropriate damages including costs and attorney fees under this claim pursuant 42 U.S.C. §1988 (b) et al.

COMPLAINT FOR MONEY DAMAGES

## FOURTH CAUSE OF ACTION
**Municipal Liability—Ratification (42 U.S.C. § 1983) (By All Plaintiffs against Defendant COUNTY OF SAN DIEGO**

49. Plaintiffs repeat and re-allege each and every foregoing allegation and paragraph set forth above with the same force and effect as if fully set forth herein.

50. At all times relevant to this complaint, Defendant County of San Diego through his officers, and employees acted under color of state law.

51. The acts of Defendants deprived DECEDENT and Plaintiffs of their rights under the United States Constitution as alleged above.

52. Upon information and belief, at all relevant times, Defendant County of San Diego, at the upper management, supervisory level personnel and policymaking level, has ratified and acquiesced in the wrongful acts and constitutional violations committed at the San Diego County Central Jail as alleged above.. Defendants knew that denying medical and mental health care to the DECEDENT, and perpetrating to DECEDENT unlawful conditions of confinement, including and not limited to deliberate abandonment of official duties of providing adequate medical and mental health care to inmates before and after being placed at the Enhancement Observation Housing Cells, was dangerous to the safety and lives of the jail detainees. The Defendants knew and continue to know that some current policies, practices, customs and operations at San Diego County Jail have caused serious injuries to multiple inmates. In this case Death to Cruz. Further, Plaintiffs are informed believe and therefore allege that San Diego County jails have the highest number of deaths in custody of all counties- "jail deaths within the State of California". Despite the above, Defendant County of San Diego has wrongfully ratified the unconstitutional policies, customs and practices, including acts of its deputies, employees, officers, and otherwise agents acting under color of law in jail death-related incidents. The above represents a ratification to the continuance of violation to the constitutional rights of jail detainees including Decedent Manuel Cruz, who died in custody of Defendant County of San Diego on Oct 2 2018.

53. Plaintiffs are informed, believe and therefore respectfully allege that although some of the acts of Defendant's Deputies and employees were recorded by video and these unlawful acts and omissions are therefore now known to THE COUNTY OF SAN DIEGO, no re-training or disciplinary measures have been taken concerning any of the Defendant's participant's conduct.  Moreover, upon information and belief, Defendant COUNTY OF SAN DIEGO have approved Defendants' actions, either expressly or implicitly by failing to take any remedial actions in response to Decedent's death or to any other of the hundreds of deaths occurred at their Jail facilities within the last few years.

54. By reason of the aforementioned acts and omissions occurred under the color of law,  Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT'S pre-death pain and suffering, loss of enjoyment of life, and death.

55. Accordingly, Defendant COUNTY is liable to the Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

56. Plaintiffs also seeks costs and attorney's fees under 42 U.S.C. § 1983 & 1988 (b) for this claim.

### FIFTH CAUSE OF ACTION

**Municipal Liability—Failure to Train (42 U.S.C. § 1983)**
**(By All Plaintiffs against Defendant COUNTY of San Diego)**

57. Plaintiffs repeat and re-allege each and every foregoing allegation and paragraph set forth above with the same force and effect as if fully set forth herein.

58. The Defendants acted under color of law.

59. The acts of individuals under the scope of their employment for the Defendant County of San Diego deprived DECEDENT and Plaintiffs of their rights under the United States Constitution.

60. The Defendant COUNTY OF SAN DIEGO had deficient and inadequate training policies and training practices and customs for its Sheriff's Department deputies and other SDCJ personnel that amounted to deliberate indifference to the constitutional rights of the persons with whom SDCJ personnel are likely to come into contact in the usual and recurring situations that they encounter at custodial settings. The failure to properly and adequately train is so closely related to the deprivation of the DECEDENT'S and Plaintiffs´ rights as to be the moving force that caused the ultimate injuries to DECEDENT and to Plaintiffs, including but not limited to the following:

   a) San Diego County Jail staff are inadequately trained with respect to their suicident prevention policies.
   b) San Diego County Jail staff are inadequately trained to summon and render adequate and opportune medical and mental health care for detainees when a detainee is in need of medical and mental health care treatment and assistance due to a serious medical need i.e risk of suicide.
   c) San Diego County Jail staff are inadequately trained to observe and identify when a person, a detainee, is having medical distress, mental health issues, a mental health and risk suicide situation and needs urgent medical and mental health care assistance.
   d) San Diego County Jail staff are inadequately trained with respect to properly checking welfare of their detainees/inmates when placed in a special Enhanced Observation Housing (EOH)

61. By reason of Defendant failure to train including but not limited to some acts and omissions as described Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future financial support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT'S pre-death pain and suffering, loss of enjoyment of life, and the wrongful death of Manuel Cruz

62. Accordingly, Defendant COUNTY OF SAN DIEGO is liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.
63. Plaintiff Arlet Cruz brings this claim as successor in interest to DECEDENT and seeks both survival and general damages under this claim. Plaintiffs also seeks costs and attorney's fees under this claim. Pursuant 1988 (b)

### SIXTH CAUSE OF ACTION

**Municipal Liability—Unconstitutional Custom or Policy (42 U.S.C. § 1983)**
**(By All Plaintiffs against Defendant COUNTY of San Diego)**

64. Plaintiffs repeat and re-allege each and every foregoing allegation and paragraph set forth above with the same force and effect as if fully set forth herein.
65. The Defendant and its agents, deputies, or employees acted under color of law.

The acts or failures to act of the individuals under the scope of employment for Defendant County of San Diego deprived DECEDENT and Plaintiffs of their rights under the United States Constitution. Within the COUNTY OF SAN DIEGO, and specifically, within the San Diego County Jails there are policies of suicide prevention, and customs and practices that have been longstanding and/or widespread, and so closely related to the deprivation of the DECEDENT'S and Plaintiffs' rights as to be the moving force that caused the ultimate injuries to DECEDENT . Defendant County of San Diego is liable for its own conduct as entity under the theory of Monell Liability for conduct and omissions including but not limited to the following:   (Policies)

- J.5: Inmate Suicide Prevention Practices and Inmate Safety Program, (in force at the time of Cruz Death.
- J.4: Enhanced Observation Housing (EOH), Definition and Use. (In force at the time of cruz death)
- M.4: Suicide Prevention and Focused Response Team, (in place at time)
- M.25: Psychiatric Security Units (PSU/WPSU), last revised ( in place at time)

- MSD.S.10: Suicide Prevention and Inmate Safety Program, in place at the time
- MSD.P.8: Psychiatric Security Unit (PSU), in place at the time.
- MSD.I.3: Intake Receiving/Screening Assessment, in place at the time,
- All other policies not listed above ,which are pertinent to this matter.

(None of the above policies have been yet produced by Defendants, and discovery is ongoing).

(Unconstitutional Customs & Practices )

San Diego County Jail staff do not medically or psychologically evaluate inmates before deciding the appropriate housing taking in consideration the nature and extend of the serious medical need presented (Risk of suicide).

The Defendant county of san Diego has the practice or custom widely spread and persistent within its county jails of placing inmate patients at isolation unsanitary cells such as EOH cell depriving them from any contact, visits, and more importantly from any treatment whatsoever for their serious medical – mental needs. Detainees are not administered any medical or mental health care or treatment despite described and documented risks of suicide. This practice or custom is so widespread that is practically conceived as with force of law and course by defendant's personnel. This is one of the moving forces behind this death in custody case. San Diego County Jail staff do not perform safety checks, nor properly document safety checks logs in relation to the supervision of inmates housed at the EOH cells.

Inconsistencies and at times deliberate misrepresentations of safety checks are entered on the safety check logs of EOH cells by Defendant's staff. San Diego County Jail staff do not provide due diligent medical assistance and/or mental health adequate care to inmates when they are having medical distress situations and/or when they are in need of urgent need of medical and mental health care assistance.

By reason of the aforementioned unconstitutional customs and practices, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future financial support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT'S pre-death pain and suffering, loss of enjoyment of life, and death.

66. Accordingly, Defendant COUNTY shall be liable to the Plaintiffs for compensatory damages under 42 U.S.C. § 1983

67. Plaintiff Arlet Cruz brings this claim as successor in interest to DECEDENT and seeks both survival and wrongful death damages under this claim. Plaintiffs also seek costs and attorney's fees under this claim. under 42 U.S.C. § 1983 & under 42 U.S.C. § 1988 (b).

## V.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request entry of judgment in their favor and against all Defendants as follows:

**A.** For compensatory damages against all Defendants, including both survival damages (pre-death pain and suffering under the federal survival claims and loss of life and loss of enjoyment of life under the federal and state survival claims) and wrongful death damages under California state law, in an amount to be proven at trial;
**B.** For loss of financial support
**C.** For funeral and burial expenses;
**D.** For exemplary and punitive damages against the individual defendants in an amount to be proven at trial
**E.** For pre- and post-judgment interest at the applicable legal rate
**F.** For reasonable costs of this suit and attorneys' fees pursuant to 42 U.S.C. §1988, §52.1, and §1021.5
**G.** For such further other relief as the Court may deem just, proper, and appropriate.

## VII    DEMAND FOR JURY TRIAL

Plaintiffs respectfully request a trial by Jury.

Date:08/13/2020                                              By: S/ Jesus Eduardo Arias

                                                             Attorney for the Plaintiffs

COMPLAINT FOR MONEY DAMAGES